UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S1-4:11CR00106AGF (FRB) |
| ) | |
| JOHN K. PERRY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge Frederick R. Buckles under 28 U.S.C. § 636(b). Defendant John K. Perry filed a Motion to Dismiss (Doc. No. 26); a Motion to Suppress Based on Fraudulent Inducement by Government Agents (Doc. No. 27); and a Motion to Limit Liability (Doc. No. 28).

A hearing was held on May 27, 2011. With regard to the motion to dismiss, which asserted that Counts 1, 2, and 3 were barred by the six year statute of limitations, Defendant agreed at the hearing that the motion raised a legal issue, that did not require testimony. He also agreed that the Motion to Limit Liability was a matter for the District Court to address, if Defendant were convicted, at the time of sentencing.

With respect to Defendant's Motion to Suppress, the United States presented the testimony of Special Agent Julie Ricchio, employed with the Internal Revenue Service (IRS) Criminal Investigation Division, and Defendant presented the testimony of Defendant Perry. At the hearing, Defendant confirmed that in his motion to suppress he

was only seeking to suppress statements, not any items seized. Defense counsel further asserted, however, that Defendant was contending that certain information in the search warrant affidavit was false, and that he was requesting a *Franks* hearing. After advising Defendant of the showing he would be required to make before he could obtain a *Franks* hearing, Defendant was given leave to file a supplemental motion, and the Magistrate Judge set a briefing schedule and a date for a supplemental hearing at which Defendant would be given the opportunity to make that "preliminary showing" to the Court.

Defendant thereafter filed a Supplemental Motion to Suppress, Franks Hearing (Doc. No. 37; hereafter, the "Supplemental Motion"), supported by the affidavit of Defendant Perry, in which Defendant asserted that certain information in the affidavit in support of the search warrant was false. The United States responded to the Supplemental Motion, and Judge Buckles held a hearing on June 24, 2011. At the hearing, Defendant did not offer any evidence or arguments beyond what was contained in his Supplemental Motion. The Magistrate Judge determined that Defendant had not made the preliminary showing necessary to obtain a *Franks* hearing, and no further testimony was heard.

Judge Buckles thereafter issued a Report and Recommendation (Doc. No. 51), recommending that Defendant's Motion to Suppress and Supplemental Motion be denied, and that Defendant's Motion to Dismiss be denied. Defendant filed an Objection to the Report and Recommendation (Doc. No. 55), to which the United States responded (Doc. No. 61). In his objections, Defendant asserts that the statements he made to agents on August 16, 2006, should be suppressed because (i) the interview was a custodial

interrogation requiring *Miranda* warnings, and no such warnings were given, and (ii) Defendant's statements were not knowing and voluntary because they were induced by the agent's false statements that the investigation was focused on other persons and that Defendant was not the target of the investigation. With respect to the Supplemental Motion, Defendant asserts that he met his burden to obtain a *Franks* hearing, and that the Magistrate Judge erred in denying a *Franks* hearing and in denying the motion to suppress evidence without hearing the testimony and permitting the cross-examination of Agent Levinson, who provided the affidavit in support of the search warrant. Defendant further asserts that information in the search warrant was stale. Defendant also objects to the recommendation that the motion to dismiss on grounds of limitations be denied, and asserts that the motion to dismiss should be granted with respect to the first three counts of the indictment.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "'make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress and Supplemental Motion, including listening to the testimony of the witnesses and reviewing the motions and the exhibits introduced at the hearings. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and

correctly analyzed the issues. The Court therefore adopts and incorporates the thorough reasoning in the Report and Recommendation.

### A. Motion to Suppress and for *Franks* Hearing

With respect to the motion to suppress statements, the Court finds that Defendant was not in custody when he made his statements, such that no *Miranda* warnings were required. While there were approximately 13 agents present to execute the search warrant, "[a]ny warrant search is inherently police dominated; there is nothing untoward about that circumstance." *United States v. Perrin*, 659 F.3d 718, 721 (8th Cir. 2011). Defendant was advised that he was free to leave; the questioning was conducted primarily by one agent only, while Defendant and the agent were seated at a table; and no force or threats were used. There is nothing to indicate that the will of Defendant, who at the time was 50 years old, with two years of college and 30 years of work experience, was overborne. *Id*. at 721-22 Further, Defendant's initial statements to the agent were not the result of any interrogation, but rather, were voluntarily offered by Defendant after Special Agent Ricchio advised Defendant why they were there. Indeed, even Defendant conceded at the hearing that he waived his right to counsel and agreed to speak to the agent, although he asserts that he did so only based on the agent's false statement to him that he was not the target of the investigation. Thus, based on the Court's *de novo* review of the record, the Court agrees with the findings and reasoning of the Magistrate Judge, and finds that Defendant's statements were not taken in violation of his *Miranda* rights, nor were the statements a violation of Defendant's right to counsel.

Further, the Court finds that Defendant's statements were made voluntarily and intelligently, and are not subject to suppression based on any alleged misrepresentations by the agents. Having listened to the testimony and considered all of the evidence, the Court agrees that the testimony of Agent Ricchio is more credible and more consistent with the testimony and evidence than that of Defendant. As such, the Court finds, as a factual matter, that Defendant's statements were not the result of any false statements or trickery by the agents. To the contrary, Agent Ricchio truthfully advised Defendant of the reason for the search warrant and that Defendant was the subject of their investigation. The Court further notes that even if Agent Ricchio had falsely stated to Defendant that the targets of their investigation were other individuals, and that Defendant was not the target, on these facts, Defendant's will was not overborne and any such representations would not be sufficient to require a suppression of Defendant's statements. *See United States v. Estey*, 595 F.3d 836, 839 (8th Cir. 2010) (holding that statement that the defendant was not under arrest and would not be under arrest at the end of the interview, was not a promise of total immunity); *United States v. Brave Heart*, 397 F.3d 1035, 1041 (8th Cir. 2005); *United States v. Byram*, 145 F.3d 405, 407 (1st Cir. 1998) (holding that officer's statement that the defendant "was not implicated in any of this," did not render the defendant's statements involuntary).

The Court also overrules Defendant's objections to the Magistrate Judge's determination not to conduct a *Franks* hearing, as the Court finds that Defendant failed to make the necessary showing to obtain such hearing. Because there is a "presumption of validity with respect to the affidavit supporting the search warrant," a party seeking a

5

*Franks* hearing must, as a preliminary matter, first make a substantial showing that the affidavit contains material false statements or omissions, necessary to a finding of probable cause, that were intentionally or recklessly made. *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002). As noted in the Report and Recommendation, the test for determining whether the statements were made with reckless disregard for the truth is whether, after viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or obvious reasons to doubt the accuracy of the information reported. *See United States v. Schmitz*, 181 F.3d 981, 986 (8th Cir. 1999); *United States v. Clapp*, 46 F.3d 795, 801 n. 6 (8th Cir. 1995).

Here, Defendant, in his affidavit, has disputed many of the facts stated in the affidavit, asserting -- without any evidentiary support -- that they are not true. Even if Defendant's denials were sufficient to establish the falsity of these facts, Defendant has not offered any evidence, whatsoever, suggesting that Inspector Levinson intentionally included false information or included any of this information with reckless disregard as to its truth. Nor is there anything in the affidavit to suggest the reckless inclusion of false information. In the affidavit, Inspector Levinson reported the sources of his information and what information he received from each source. Defendant has offered nothing to suggest that these sources did not report the information Inspector Levinson reported, or anything to suggest that Inspector Levinson had any reason to know that any of the information received was untrue. What Defendant offers simply does not meet the standard required by cases such as *Schmitz* and *Clapp*.

In his objection, Defendant suggests that denying Defendant the opportunity to cross-examine Inspector Levinson permits an agent "to swear to anything told to him by an informant" and to "shield and insulate an affiant and an unreliable, untested and biased informant from a Franks hearing every time."  But Defendant misapprehends the substantial burden that must be met to obtain a *Franks* hearing.  As set forth above, under *Franks*, search warrants are entitled to a presumption of validity, and Defendant, simply, has offered nothing to undercut that presumption.  To the contrary, the issuing judge who signed the search warrant was provided with substantial information to determine the reliability of the informants' information, including the fact that one of the informants was Defendant's ex-wife.  Much of the information from one informant tended to corroborate the information received from another informant, thereby increasing their reliability. *See United States v. Oropesa*, 316 F.3d 762, 767 (8th Cir. 2003).  The search warrant affidavit also reflects the steps that Inspector Levinson took to corroborate the information received from the informants.  Defendant, for the most part, does not even dispute the truth of much of this corroborating information, including the vehicles Buske purchased for Defendant and the facts surrounding the Colorado residence.  To the contrary, Defendant admits in his affidavit that the information in paragraphs 21, 22, 23, 25, 26, and 27, and much of the information in paragraphs 24 and 28, is true.  Defendant contends that this information is irrelevant, but the Court disagrees, as this information tends to corroborate the information from the sources, and provided ample basis for the issuing judge to determine both the reliability of the informants' information and the existence of probable cause to issue the warrant.

For the reasons set forth in the Report and Recommendation, the Court also disagrees that the information was stale. To the contrary, both CW1 and Tammy Perry provided information suggesting that the fraud scheme was still on-going. And as recited in Inspector Levinson's affidavit, he knew from his years of experience in investigating fraud schemes, that evidence of such schemes was likely to be maintained for lengthy periods of time. The issuing judge was entitled to rely on this information.

The Court therefore adopts the Report and Recommendation and overrules Defendant's objections regarding the motions to suppress evidence and statements and objections regarding the failure to allow a *Franks* hearing.

**B. Motion to Dismiss**

Based on a review of the record, the Court also overrules Defendant's objections to the recommendation that Defendant's motion to dismiss Counts 1, 2, and 3 be denied. Defendant asserts that these three counts must be dismissed because the tax returns, which allegedly under-reported the amount of income received and tax owed, were filed more than six years prior to indictment, and therefore are barred by the six-year statute of limitations. The Eighth Circuit has noted that "'wilful tax evasion can occur at any stage of the IRS's complex process for determining, assessing, and collecting federal taxes.'" *United States v. Schoppert*, 362 F.3d 451, 455 (8th Cir. 2004) (quoting *United States v. Silkman*, 156 F.3d 833, 835 (8th Cir. 1998)). While an affirmative act of evasion must be proved, "'any conduct, the likely effect of which would be to mislead or to conceal' for tax evasion purposes, can constitute an affirmative act of evasion." *Id*. at 460. Thus, in *Schoppert*, the Court recognized that making false statements to IRS agents attempting to

8

collect his taxes could support a conviction for tax evasion. *Id.* The case law further recognizes that the limitations period begins to run from the later of the due date of the return or the last affirmative act constituting an attempt to evade. *See United States v. Wilson*, 118 F.3d 228, 236-37 (4th Cir. 1997); *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986).

In reviewing a motion to dismiss, the allegations of the indictment must, at this stage, be accepted as true. *United States v. Sampson*, 371 U.S. 75, 78-79 (1962). Here, each of these counts of the superseding indictment plainly alleges that the attempt to evade taxes began on the date of the filing of the return, and continued until on or about August 16, 2006, when Defendant made false statements to an IRS agent regarding his income for the calendar year. As the Magistrate Judge properly noted in the Report and Recommendation, these allegations are sufficient to bring the charges within the six-year statute of limitations. *Ferris*, 802 F.2d at 272. As such, Defendant's objection to the Magistrate Judge's recommendation that Defendant's motion to dismiss be denied is overruled, and the Court adopts and incorporates the Report and Recommendation on this ground.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum, Report and Recommendation of United States Magistrate Judge [Doc. No. 51] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [Doc. No. 26] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Based on Fraudulent Inducement by Government Agents [Doc. No. 27], and Supplemental Motion to Suppress, <u>Franks</u> Hearing [Doc. No. 37] are **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2012.